# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN LAWRENCE SCHMIDT, <br><br> Plaintiff, <br><br> v. <br><br> TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, USAA FEDERAL SAVINGS BANK and CONCORD SERVICING LLC, <br><br> Defendants. | Civil Action No. |

## COMPLAINT

### PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer, Steven Lawrence Schmidt, against Trans Union, LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), USAA Federal Savings Bank and Concord Servicing LLC ("Concord"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq*.

### THE PARTIES

1. Plaintiff Steven Lawrence Schmidt is an adult individual residing in Saint Johns, Florida.

2. TransUnion is a Delaware limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

3. Experian is an Ohio corporation registered to conduct business in the Commonwealth of Pennsylvania.

4. Equifax is a Georgia limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

5. USAA is a national bank that regularly conducts business in the Commonwealth of Pennsylvania.

6. Concord is a Delaware limited liability company with a principal place of business located at 4150 N. Drinkwater Blvd., #200, Scottsdale, AZ, 85251.

## JURISDICTION & VENUE

7. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and Defendants possess sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

9. Mr. Schmidt is a "consumer" as that term is defined by the FCRA. 15 U.S.C. §1681a(c).

10. TransUnion, Experian and Equifax are "consumer reporting agencies" as that term is defined by the FCRA. 15 U.S.C. §1681a(f).

11. USAA and Concord are "furnishers" as that term is defined by the FCRA. 15 U.S.C. §1681s-2(b).

12. TransUnion, Experian and Equifax have been and continue to sell credit reports about Plaintiff.

13. The credit reports sold by TransUnion, Experian and Equifax are "consumer reports" as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

14. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

15. The inaccurate information includes the erroneous reporting of Plaintiff's USAA credit card account and Concord installment loan account.

16. Mr. Schmidt is a Commanding Officer in the United States Navy and was deployed overseas beginning in December 2018.

17. In November 2018, prior to his deployment, Mr. Schmidt contacted USAA to authorize automatic payments for his USAA auto loan account and his USAA credit card account during his deployment.

18. When Mr. Schmidt returned from his deployment, he discovered that USAA properly withdraw and applied monthly payments towards his USAA auto loan account, however, USAA Bank failed to withdraw and apply any payments towards his USAA credit card account despite Mr. Schmidt's instructions to do so and eventually charged off the account.

19. Mr. Schmidt advised USAA of its error and requested that USAA remove the derogatory information from his credit reports including the charge off and the associated late payment history which USAA refused to do.

20. Additionally, in or around August 2022, Mr. Schmidt's installment loan with AmeriFirst Financing was in the process of being transferred to Concord.

21. At the time the loan was transferred, the account information Mr. Schmidt was using to make payments through his bank on the installment loan was operating normally and payments were being accepted by AmeriFirst and transferred to Concord.

22. Accordingly, Mr. Schmidt reasonably concluded that no changes to his payment arrangements for the loan were immediately necessary.

23. Mr. Schmidt, however, did not become aware that his loan payments were no longer being transferred by AmeriFirst to Concord until it came to his attention that Concord was reporting the account with late payments on his TransUnion and Equifax credit reports.

24. Mr. Schmidt contacted Concord requesting that it correct the late payment history associated with the account and provided proof of on time monthly payments through AmeriFirst to no avail.

25. Concord knew or should have known that consumers like Mr. Schmidt would reasonably believe that any payments made through AmeriFirst in the intervening months while the loan was transitioned would be applied to his account and in fact were transferred to Concord in at least one instance.

26. This inaccurate and/or materially misleading information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

27. Plaintiff further disputed the inaccurate information with Defendants by following TransUnion, Experian and Equifax's established procedures for disputing consumer credit information.

28. Plaintiff has been disputing the inaccurate information with TransUnion, Experian and Equifax from February 2021 through the present.

29. Upon information and belief, TransUnion, Experian and Equifax provided USAA and Concord with notice of Plaintiff's disputes.

30. Notwithstanding Plaintiff's efforts, TransUnion, Experian and Equifax have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and TransUnion, Experian and Equifax continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. TransUnion, Experian and Equifax have repeatedly published and disseminated consumer reports to such third parties from at least February 2021 through the present.

31. TransUnion, Experian and Equifax negligently and recklessly failed to conduct reasonable investigations of Plaintiff's disputes, *inter alia*, by: failing to conduct any investigation into the accounts at all; failing to review and consider the information submitted by Plaintiff; failing to contact Plaintiff to elicit more specific information about his disputes; failing to contact persons or entities with knowledge about the accounts; failing to obtain documents and information that would verify that Plaintiff was not responsible for USAA's failure to apply automatic payments on the account; failing to obtain documents and information that would verify that Plaintiff made on time monthly payments on the Concord installment loan, and failing to properly communicate the substance of the disputes to the relevant furnishers of the account at issue.

32. TransUnion, Experian and Equifax also acted recklessly, *inter alia,* by routinely conducting investigations in the manner described above, and further, knew or should have known that the way they investigate disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

33. USAA and Concord have also negligently and recklessly failed to conduct timely and reasonable investigations after receiving notice of Plaintiff's disputes from TransUnion, Experian and Equifax, *inter alia,* by: failing to conduct any investigation into the accounts at all; failing to properly review the relevant account information; failing to review and consider information submitted by Plaintiff; failing to contact Plaintiff to elicit more specific information about his disputes; failing to review documents that would have otherwise verified that Plaintiff was not responsible for USAA's failure to apply automatic payments on the account; failing to review documents that would have otherwise verified that Plaintiff was making on time monthly payments on the Concord installment loan, and failing to contact persons or entities with knowledge about the account; and/or failing to report the account as disputed.

34. USAA and Concord also acted knowingly recklessly, *inter alia,* by routinely conducting investigations in the manner described above, and further, knew or should have known that the way they investigate disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

35. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

36. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

37. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

### COUNT I – TRANS UNION, EXPERIAN & EQUIFAX
### VIOLATIONS OF THE FCRA

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. TransUnion, Experian and Equifax violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing consumer reports about Plaintiff as described above. 15 U.S.C. § 1681e(b).

40. TransUnion, Experian and Equifax also violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff's disputes as described above. 15 U.S.C. §1681i(a).

41. The conduct of TransUnion, Experian and Equifax was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

42. As a result of the violations of the FCRA by TransUnion, Experian and Equifax identified herein, these Defendants are liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

### COUNT II – USAA & CONCORD
### VIOLATIONS OF THE FCRA

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. USAA and Concord violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff's disputes as described above. 15 U.S.C. § 1681s-2(b).

45. The conduct of USAA and Concord was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

46. As a result of the violations of the FCRA by USAA and Concord identified herein, these Defendants are liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

## **JURY TRIAL DEMAND**

47. Plaintiff demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**GORSKI LAW, PLLC**

GREGORY GORSKI
PA Attorney ID: 91365
2400 Market Street, Suite 200
Philadelphia, PA 19103
Tel: 215-330-2100
Email: greg@greggorskilaw.com

Attorneys for Plaintiff

Dated: February 9, 2023